```
                                    _____ FILED      _____ LODGED
                                    _____ RECEIVED   _____ COPY

April Silliman
3744 N. Mountain Ave.                       JUL  1 2019
Tucson, AZ 85719
                                    CLERK U S DISTRICT COURT
                                    DISTRICT OF ARIZONA
Plaintiff, in *pro per*             BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| APRIL SILLIMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, A.K.A., FEDLOAN SERVICING, a corporation; C. DORAN VANCE, JR., an individual; and Does 1–10,<br><br>Defendants. | No.  CV-19-337-TUC-JGZ<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**AFFIDAVIT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, APRIL SILLIMAN, (hereinafter "Plaintiff"), brings her complaint against PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, also known as FedLoan Servicing, and C. DORAN VANCE, JR. (each hereinafter "Defendant" or collectively, "Defendants"), for violations of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et seq.* (or "FDCPA"), alleges as follows:

## PRELIMINARY STATEMENT FDCPA

1.  The FDCPA regulates the behavior of debt collectors and collection agencies attempting to collect a debt on behalf of another. The United States Congress has found an abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by

many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state action to protect consumers against debt collection abuses.

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd…the ignorant, the unthinking and the credulous." *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

3. "Whether conduct violates [§] 1692e . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061-62 (9th Cir. 2011). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice

cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 2017 (9th Cir. 2012). In the Ninth Circuit, a debt collector's liability under § 1692e of the FDCPA is a question of law. *Gonzales, LLC,* 660 F.3d at 1061 n.4 ("Because liability under § 1692e is an issue of law, Arrow's argument that this court should remand for a jury trial on liability necessarily fails. We recognize that in other circuits, whether a communication is likely to mislead the least-sophisticated debtor is an issue of fact.").

4. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e, provides an exhaustive list of certain per se violations of harassing and abusive conduct and outlaws the use of false, deceptive and misleading representations or means in connection with the collection of any debt.

5. On numerous occasions, Plaintiff has requested Defendants provide Plaintiff with a verification of an alleged debt claimed to be owed to another party.

6. Defendants have not, at any time, provided Plaintiff with verification of the alleged debt.

7. Defendants acts and conduct violate the FDCPA.

8. Defendants have committed unfair and unconscionable acts against Plaintiff, which has led Plaintiff to experience frustration, humiliation, anxiety, nervousness, insomnia and forced Plaintiff to bring this federal action against the Defendants.

## JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

10. All conditions precedent to the bringing of this action have been performed.

11. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and 15 U.S.C. §1692, Defendant engages in and transacts business here, and Plaintiff resides in this district.

12. Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## CIVIL LIABILITY-RIGHT OF REMEDY

13. 15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

## PARTIES

14. Plaintiff April Silliman, a natural person, is an adult individual who resides on Pima County, Arizona.

15. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3), and is a "person" as defined by 15 U.S.C. § 1681a(b).

16. FedLoan Servicing (or "FLS), is a fictitious name used by Defendant Pennsylvania Higher Education Assistance Agency (or "PHEAA"), to conduct its student loan servicing operations for federally-owned loans. PHEAA advertises a business office mailing address of 1200 North Seventh Street, Harrisburg, PA 17102. PHEAA, also known as FedLoan Servicing, (or "PHEAA a.k.a. FLS") services loans for the United States Department of Education (or "USDOE").

17. Defendant C. Doran Vance, Jr., (or "Vance"), is an individual, and regularly conducts business for Pennsylvania Higher Education Assistance Agency at a business office located at 1200 North Seventh Street, Harrisburg, PA 17102.

18. Defendants Does 1-10 are currently unknown to Plaintiff. Complaint will be amended when facts are discovered regarding unknown parties.

19. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6), who, at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff by use of mail, as defined by 15 U.S.C. §1692a(5).

20. Defendants regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

21. Wherever this complaint alleges that PHEAA a.k.a. FLS, did any act or thing, it is meant that it, its directors, officers, agents, employees, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under direct control of Defendant PHEAA a.k.a. FLS.

22. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified in concert by the Defendants.

## FACTUAL ALLEGATIONS

23. On or about June 10, 2014, Plaintiff allegedly incurred financial obligations to the original creditor, USDOE, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt".

24. On or about August 7, 2018, Plaintiff received a billing statement from PHEAA a.k.a. FLS. Plaintiff became increasingly concerned that the proposed balance was not accurate.

owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt".

24. On or about August 7, 2018, Plaintiff received a billing statement from PHEAA a.k.a. FLS. Plaintiff became increasingly concerned that the proposed balance was not accurate.

25. On or about August 8, 2018, Plaintiff sent a Notice of Dispute regarding the alleged debt to Defendant PHEAA a.k.a. FLS, which included a demand for validation, see **Exhibit A**.

26. On or about August 21, 2018, Defendant Vance of PHEAA a.k.a. FLS caused to be sent a communication that was non-responsive to Plaintiff's Notice of Dispute dated August 8, 2018, see **Exhibit B**.

27. On or about September 7, 2018, following receipt of Defendants' non-responsive correspondence, Plaintiff sent a second Notice of Dispute of the alleged debt to PHEAA a.k.a. FLS, which included another demand for validation, see **Exhibit C**.

28. On or about September 13, 2018, Defendant Vance of PHEAA a.k.a. FLS caused to be sent a communication that was again non-responsive to Plaintiff's Notice of Dispute dated September 7, 2018 and demanded payment of the alleged obligation, see **Exhibit D**.

29. On or about October 1, 2018, following receipt of non-responsive correspondence, Plaintiff sent a third Notice of Dispute to the Defendant PHEAA a.k.a. FLS, which included another demand for validation of the alleged debt, see **Exhibit E**.

30. Defendants did not respond.

31. On or about May 14, 2019, Defendant PHEAA a.k.a. FLS sent Plaintiff another demand for payment which included a statement that each nationwide consumer reporting agency has been notified of Plaintiff's alleged late or missing payments and a threat Plaintiff's student loan is in danger of defaulting.

## LEGAL STANDARDS

33.     The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008)(noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)(A)

34.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

35.     Defendants' conduct by concealment, are using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt. From the failing of Defendants to respond to Plaintiff's Notice(s) of Dispute and demand for validation, Defendants deprived Plaintiff knowledge of the true character, amount or legal status of a debt contrary to 15 U.S.C. § 1692e(2)(A), which states in part:

*§ 807. False or misleading representations*

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> (2) *The false representation of—*
> (A) *the character, amount, or legal status of any debt;*

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10)

36. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

37. Defendants have demonstrated conduct contrary to the FDCPA when Defendants failed to properly respond to Plaintiff's request for validation and verification of the alleged debt. Plaintiff was advised by Defendants at Exhibits B and D, to consider the foregoing correspondence to be the validation of Plaintiff's alleged debt, when in fact Defendants did not comply with validation or verification requirements of the FDCPA, therefore, Defendants are attempting to use false representations or deceptive means to collect, or attempt to collect an alleged debt contrary to 15 U.S.C. § 1692e(10) which states in part:

> *§ 807. False or misleading representations*
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

COMPLAINT

39. In committing the acts against Plaintiff as facts alleged above, Defendants' conduct demonstrated non-compliance with 15 U.S.C. § 1692g(b) by attempting to collect an alleged debt through the sending of billing statements and correspondence, while failing to provide Plaintiff with verification of the alleged debt or any disputed portion thereof, contrary to 15 U.S.C. § 1692g(b) which states in part:

> *§ 809. Validation of debts*
>
> *(b) Disputed debts*
> *If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5)

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

41. Defendant PHEAA a.k.a. FLS's written correspondence dated May 14, 2019, stating "Each nationwide consumer reporting agency has been notified of your late or missing

payments.", demonstrates conduct and non-compliance with 15 U.S.C. § 1692e(5) by the taking of any action that cannot legally be taken or is not intended to be taken while absent verification and validation of an alleged debt, contrary to 15 U.S.C. § 1692e(5) which states in part:

> *§ 807. False or misleading representations*
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(11)

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

43. Defendant PHEAA a.k.a. FLS's written correspondence failed to disclose Defendants are debt collectors and attempting to collect a debt and that any information obtained would be used for that purpose, contrary to 15 U.S.C. § 1692e(11) which states in part:

> *§ 807. False or misleading representations*
>
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose*

> *in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

## VERIFICATION

44. Plaintiff would show unto the Court with regard to legal validation and verification of a debt:

   a. There is no statutory definition of verification under the FDCPA therefore the ordinary meaning of the word; particularly in law defines the word. "In the absence of a statutory definition, courts give terms their ordinary meeting. *"Bass, Terri L. v. Stolper, Koritzinsky,* 111 F.3d 1325, 7thCir. Apps. (1996).

   b. As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States* v. *Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241-242 (1989); *United States v. Goldenberg,* 168 U.S. 95, 102-103 (1897); *Oneale v. Thornton,* 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last:" judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430(1981)

   c. "The legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States,* 369 U.S.1 (1962).

   d. Verification, n. 1. A formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. ... *"Black's Law Dictionary, 7th Edition (1999).*

    e. Verification requires "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition .... In accounting, the process of substantiating entries in books of account." *(Black's Law Dictionary, Sixth Edition).* This refers to verifying the entire bookkeeping journal entries associated with a loan transaction being verified.

## DAMAGES

45. As a consequence of Defendants' violations, conduct, neglect and unconscionable acts against Plaintiff:

    a) Plaintiff has sustained statutory, special and general damages according to proof, in addition to attorney's fees and costs as determined by the court pursuant to 15 U.S.C. § 1692k;

    b) Plaintiff has been forced to forego work responsibilities and family enjoyment while being repeatedly forced to pursue verification of an alleged debt;

    c) Plaintiff has been forced to forego work responsibilities and family enjoyment while defending against Defendants' harassing and abusive conduct;

    d) Plaintiff has experienced and continues to experience frustration, humiliation, anxiety, nervousness, and insomnia. Therefore, Plaintiff reserves the right to seek necessary medical treatment or professional counseling in the event said symptoms become more severe.

    e) Plaintiff has been forced to research, prepare and initiate this federal action at her own expense against the Defendants.

    f) Defendants have damaged and continue to damage Plaintiff's credibility and creditworthiness, as well as Plaintiff's personal reputation in the community.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment for Plaintiff, pursuant to 15 U.S.C. § 1692k of the FDCPA, against Defendants as follows:

1. In the amount of $1,000.00 against Defendant Pennsylvania Higher Education Assistance Agency for violations of the FDCPA;

2. In the amount of $1,000.00 against Defendant C. Doran Vance, Jr., for violations of the FDCPA;

3. For punitive damages of $5,000 against each Defendant for emotional distress as described herein, and damaging Plaintiff's reputation in the community, credibility and creditworthiness.

4. For Plaintiff's costs in this action.

5. For reasonable attorney's fees incurred herein.

6. For any other and further relief as the Court may deem just and proper.

Respectfully submitted

Dated this ___1___ day of __July__, 2019

By: _____
APRIL SILLIMAN
Plaintiff, *In Pro Per*

1
2  **AFFIDAVIT OF APRIL SILLIMAN IN SUPPORT OF PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

3   I, the undersigned, hereby Attest and Declare:

4   I am the Plaintiff in the foregoing document entitled, COMPLAINT FOR
5   VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, AFFIDAVIT,
6   JURY TRIAL DEMAND.
7
8   If called upon, I can testify to the firsthand knowledge of the facts herein.
9   I have read and know the contents thereof and certify that the matters stated therein are
10  facts of my own knowledge, except as to those matters, which are therein stated upon my
11  information or belief, and as to those matters, I believe them to be correct.
12
13  I declare under the penalty of perjury of the Laws of Arizona, that the foregoing is
14  correct and complete to the best of my knowledge, information and belief, and that this
15  affidavit is executed in ___PIMA___ County, State of Arizona, and is dated this
16  _1ST_ day of __July__, 2019.
17

18                                   _April L. Silliman_
19                                   _____
20                                   APRIL SILLIMAN
                                     Plaintiff, *Pro Per*
21

22  The above named Affiant appeared before me, a Notary, subscribed, sworn
23  under oath this ___1ST___ day of _July_, 2019.
24  _____
25  Notary
26

27  My commission expires: _November 15TH 2020_      seal   
28

Page 14 of 14
COMPLAINT