1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9   April Silliman,

10              Plaintiff,

11   v.

12   Pennsylvania Higher Education Assistance
     Agency, et al.,

13

14              Defendants.

No. CV-19-00337-TUC-JGZ

**ORDER**

15         Plaintiff April Silliman sued Pennsylvania Higher Education Assistance Agency
16   (PHEAA) and its attorney, Doran Vance, for various alleged violations of the Fair Debt
17   Collection Practices Act (FDCPA).  15 U.S.C. § 1692 *et seq*.  Defendants filed a Motion
18   to Dismiss, arguing that the FDCPA does not apply to them because they do not qualify
19   as "debt collectors" under the Act, that PHEAA complied with the Act, and that Plaintiff
20   failed to state a claim against Vance.  The Court will grant Defendants' Motion.

21         To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon
22   which relief can be granted, "[f]actual allegations must be enough to raise a right to relief
23   above the speculative level, on the assumption that all the allegations in the complaint are
24   true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
25   (citations and internal quotations omitted).  Although "a complaint attacked by a Rule
26   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
27   obligation to provide the grounds of his entitlement to relief requires more than labels and
28   conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Id*. at 555 (citations and internal quotations omitted).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." *Id.* at 569; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  When assessing the sufficiency of the complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are to be drawn in favor of that party as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016).

The FDCPA prohibits "debt collector[s]" from engaging in various forms of false representation or misleading conduct.  15 U.S.C. § 1692e.  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Expressly excluded from this definition, however, is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *Id.* at § 1692a(6)(F)(iii).

PHEAA argues that it was acting as a loan servicer, rather than debt collector, when it mailed Plaintiff a privacy statement on July 15, 2014 (Doc. 11-1) and then details regarding her student loan repayment on August 12, 2014 (Doc. 11-2), and when it responded to her Notices of Dispute in August and September of 2018.  (Doc. 1, Exhibits. B, D).  Plaintiff's first loan payment was due on October 24, 2014.  (Doc. 11-2.)  She received notice that her student loan was in *danger* of defaulting on May 14, 2019.  (Doc. 1, Exhibit E)  All correspondence with Defendants, therefore, occurred while Plaintiff's student loan payments were pending or outstanding, but before Plaintiff had defaulted on

- 2 -

her loan.  Because Plaintiff's debt was not in default at the time PHEAA began servicing her loan, PHEAA does not qualify as a "debt collector" under the FDCPA, and Vance, the PHEAA employee who corresponded with Plaintiff, does not either.  *See Valletta v. Navient Corp.*, No. CV-16-01934-PHX, 2017 WL 1437563 (D. Ariz. Apr. 24, 2017); *Edmond v. Am. Educ. Servs.*, No. 10-0578, 2010 WL 4269129 (D.D.C. Oct. 28, 2010). Plaintiff's arguments with regard to Defendants' relationship to the U.S. Department of Education do not undermine this conclusion.

Plaintiff's Complaint thus fails to state a valid claim.  Moreover, because Plaintiff does not dispute that her loan was not in default at the time Defendants obtained it, she cannot amend her claims to cure the above deficiency.  Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 11) is GRANTED. Plaintiff's Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close the file in this action.

Dated this 9th day of December, 2019.

Honorable Jennifer G. Zipps
United States District Judge

- 3 -